UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROWDY PAUU,<br><br>        Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO; WILLIAM GORE, in his individual capacity; DAVID LOVEJOY, in his individual capacity; JONATHON YOUNG, in his individual capacity; DOES 1-25,<br><br>        Defendants. | Case No.: 23-CV-961 TWR (NLS)<br><br>**ORDER (1) GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT, AND (2) DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>(ECF Nos. 6, 16) |

  Presently before the Court are Plaintiff Rowdy Pauu's Motion for Leave to File First Amended Complaint ("Mot. for Leave to Amend," ECF No. 16) and Defendants County of San Diego, William Gore, David Lovejoy, and Jonathon Young's Motion to Dismiss Plaintiff's Complaint ("Mot. to Dismiss," ECF No. 6). Having carefully reviewed the Parties' submissions and relevant law, the Court **GRANTS** Plaintiff's Motion for Leave to File First Amended Complaint and **DENIES** as moot Defendant's Motion to Dismiss for the reasons stated below.

## BACKGROUND

  On May 24, 2023, Plaintiff filed a 42 U.S.C. § 1983 complaint alleging Fourteenth Amendment violation against Defendants Lovejoy and Young for using excessive force;

against Defendant Gore and Doe Defendants for failure to properly train, supervise, and discipline the sheriff deputies in their command; and against the County of San Diego for maintaining unlawful policies, customs, and practices.  (*See generally* Compl. ¶¶ 67–83, 86–89, 10, 103–10.)   On June 30, 2023, Defendants moved to dismiss Plaintiff's Complaint, (*see* ECF No. 6), and on August 31, 2023, Plaintiff filed his Opposition, (*see* ECF No. 12).  On September 14, 2023, Defendants filed their Reply in support of the Motion to Dismiss.  (*See* ECF No. 13.)

On October 3, 2023, the Court ordered the Parties to file supplemental briefing because they did not adequately address whether excessive force cases fall under the Fourth or Fourteenth Amendment.  (*See generally* ECF No. 14.)  Because Plaintiff's Complaint did not mention the Fourth Amendment, the Court further noted that Plaintiff would need to move to amend if he believed the Fourth Amendment applies to his claims.  (*Id*.)  The Parties have now supplemented their arguments, (*see* ECF Nos. 15, 17), and Plaintiff has filed his Motion for Leave to Amended, (*see* ECF No. 16).  In their Supplemental Briefing, Defendants oppose Plaintiff's Motion for Leave to Amend.  (*See* ECF No. 17 at 5.)

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a), a plaintiff may amend his or her complaint once as a matter of course within specified time limits.  Fed. R. Civ. P. 15(a)(1).  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).

"Rule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality,'" *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (citing *Rosenberg Brothers & Co. v. Arnold*, 283 F.2d 406 (9th Cir. 1960) (per curiam)), and its application is committed to "the sound discretion of the trial court."  *Id.* (citing *PSG Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 417 F.2d 659, 664 (9th Cir. 1969), *cert. denied*, 397 U.S. 918 (1970)).  The Supreme Court has cautioned that courts generally should grant leave to amend absent a showing of "undue delay, bad faith or dilatory motive

on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  The non-moving party bears the burden of showing why the Court should not grant leave to amend. *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530–31 (N.D. Cal. 1989).

## ANALYSIS

Plaintiff seeks to amend his Complaint to (1) add a Fourth Amendment unconstitutional seizure claim; (2) "more precisely allege that either the Fourth or Fourteenth amendment may apply to Plaintiff's excessive force claim;" (3) "include new facts now known to Plaintiff, including the number of times defendants shot at or in the direction of the Plaintiff and the indiscriminate nature of the shootings;" and (4) "lay out the facts and separate claims to minimize the confusion when analyzing the case for qualified immunity." (ECF 16-1 at 16–19; Mot. for Leave to Amend. at 2.)  Defendants oppose Plaintiff's Motion for Leave to Amend as futile because accidental contact involves no seizure and therefore is not actionable under the Fourth Amendment.  (ECF No. 17 at 5.)

The Court concludes that Plaintiff's proposed amendment will neither cause delay nor prejudice, nor is it sought in bad faith or futile.  Plaintiff has diligently prosecuted this case, and there has been no undue delay in seeking this amendment.  This case is in the earliest stages of litigation, and Plaintiff filed his Motion for Leave to Amend within the time limit set by the Court.  Further, Plaintiff is not seeking this amendment in bad faith; instead, it was in response to the Court's October 3, 2023 Order.  Plaintiff states that the amendment will clarify whether the Fourth or Fourteenth Amendment applies to Plaintiff's excessive force claim, minimize confusion when analyzing the case for qualified immunity, and include clarifying facts regarding the unreasonable nature of Defendants' action, including the exact number of shots fired by Defendants Lovejoy and Young.  Moreover, the amendment will not prejudice Defendants because there has been no Early Neutral Evaluation or Case Management Conference in this case, and Plaintiff has not added new

claims or defendants.  Finally, a proposed amendment is futile only when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense."  *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).  Plaintiff makes many merit-based arguments as to why, under the facts of this case, there is a good claim for seizure under the Fourth Amendment.  (Mot. to Amend at 5–9.) "Granting leave to amend does not necessarily mean that the underlying allegations ultimately have merit," *FlatWorld Interactives LLC v. Apple Inc.*, 12-CV-1956-JSW, 2013 WL 6406437, at *3 (N.D. Cal. Dec. 6, 2013), and "[d]enial of leave to amend for futility is rare since Courts typically defer consideration on the merits until after an amended pleading has been filed."  *Lundstrom v. Young*, No. 318CV02856GPCMSB, 2019 WL 2341374, at *2 (S.D. Cal. June 3, 2019) (first citing *Green Valley Corp. v. Caldo Oil Co.*, No. 09-CV-04028-LHK, 2011 WL 1465883, at *6 (N.D. Cal. Apr. 18, 2011); then citing *Allen v. Bayshore Mall*, No. 12-cv-02368-JST, 2013 WL 6441504, at *5 (N.D. Cal. Dec. 9, 2013)).

Based on the above, the Court **GRANTS** Plaintiff's Motion for Leave to Amended. Plaintiff **SHALL FILE** his First Amended Complaint by December 29, 2023. Accordingly, the Court **DENIES AS MOOT** Defendant's Motion to Dismiss.  Defendants **SHALL RESPOND** to Plaintiff's First Amended Complaint in accordance with Federal Rule of Civil Procedure 15(a)(3).

**IT IS SO ORDERED.**

Dated:  December 13, 2023

Honorable Todd W. Robinson
United States District Judge